# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Anthony Mustafa-life Williams <br> ──────────────────────── <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> -v- <br> Gary Hammer, Mark Mazzitelli, Colonial Regional Police Dept, Whitehall Township Police Dept, Northampton County <br> ──────────────────────── <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | Case No. 21-CV-0312 <br> *(to be filled in by the Clerk's Office)* |

3RD AMENDED

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $52) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

(OVER)

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Anthony Mustafa Life Williams
All other names by which you have been known:
ID Number: LM-6331
Current Institution: SCI-Somerset
Address: 1590 Walters Mill RD
Somerset, PA 15510
City / State / Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Gary Hammer
Job or Title (if known): Detective
Shield Number: Unknown
Employer: Colonial Regional Police Dept.
Address: 248 Brodhead RD
Bethlehem, PA 18017
City / State / Zip Code
[X] Individual capacity  [X] Official capacity

Defendant No. 2
Name: Mark Mazzitelli
Job or Title (if known): Detective
Shield Number: 3731 Lehigh Street
Employer: Whitehall Township Police Dept.
Address:
Whitehall, PA 18052
City / State / Zip Code
[X] Individual capacity  [X] Official capacity

Page 2 of 14

Defendant No. 3
Name: Colonial Regional Police Dept
Job or Title (if known): Police Department
Shield Number:
Employer: Northampton County
Address: 248 Brodhead RD
Bethlehem, PA 18017

[X] Individual capacity   [X] Official capacity

Defendant No. 4
Name: Whitehall township police Dept
Job or Title (if known): Police Department
Shield Number:
Employer: Lehigh county
Address: 3731 Lehigh street
Whitehall, PA 18052

[X] Individual capacity   [X] Official capacity

Defendant No 5: Northampton County
669 Washington street
Easton PA 18042

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

[ ] Federal officials (a *Bivens* claim)

[X] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

See Attached

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

( OVER )

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

See Attached

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

See Attached

## III. PREVIOUS LAWSUITS

*Instructions:*

*If you have filed other lawsuits in any federal or state court dealing with the same facts as this complaint or other facts related to your imprisonment, you must provide the information requested below. If you have not filed other lawsuits, proceed to Section IV, Administrative remedies, on this page.*

*If you have filed other lawsuits, provide the following information.*

Parties to your previous lawsuits:

Plaintiffs __Anthony Mustafa Life Williams__
Defendants __Warden Kyle Russell et al__
Issues: __Prison condition related issues__

Court: if federal, which district? __Eastern District__
If state, which county? __PA, Philadelphia county__
Docket number: __70-CV-3511__   Date filed: __6/4/20__
Name of presiding judge: __Honorable Mitchell S. Goldberg__
Disposition: (check correct answer(s)); Date: _____

Dismissed _____ Reason? _____
Judgment _____ In whose favor? _____
Pending __X__ Current Status? __Begining stage, pending__
Other _____ Explain _____
Appeal filed? _____ Current Status? _____

*Additional lawsuits. Provide the same information concerning any other lawsuits you have filed concerning the same facts as this action or other facts related to your imprisonment. You may use the back of this page or a separate sheet of paper for this purpose.*

## IV. ADMINISTRATIVE REMEDIES

*Instructions:*

*Provide the information requested below if there is an administrative procedure to resolve the issues you raise in this complaint. Examples of administrative procedures include review of grievances, disciplinary action, and custody issues. If no administrative procedures apply to the issues in this complaint, proceed to Section V, Statement of Claim, on page 4.*

There are no administrative procedures that apply to the issues in this complaint, as this doesn't involve prison conditions.



Page 2

## Statement of Claim

① On 7/29/19 Detective Gary M. Hammer filed a criminal complaint and caused plaintiff to be arrested for burglary and related charges.

② The following is the affidavit of probable cause that was attached to the complaint, created by Defendant Hammer. I am attaching letters to each paragraph for reference through out complaint.

Ⓐ On 1/9/19 the affiant's department received from a Lisa Emery who resides at 4060 Jacksonville Rd Bethlehem PA. She reported that an unknown person entered her home by breaking the glass in the front door of the house and the suspect took items from the house. The burglary occurred between 0630hrs and 1830hrs on 1/9/19. The neighbor of Emery a Joshua Moretz who resides next to the victim, reported that about 1400hrs on 1/9/19 he heard a car close and he looked out the window. He reported that he saw a black vehicle in the victim's driveway. He described the vehicle as a black Dodge Caliber. He stated that he didn't think anything of it because the victim's house was for sale. The home owner reported that stolen from her home was a TCL 43" flat screen television with a value of $400, an apple Macbook pro computer with a value of $2000, a pair of Bose noise cancelling headphones $300 and a jewelry box full of jewelry total $500.

Ⓑ On 1/10/19 the affiant contacted the pawnshop called Buy, sell, trade located on 1185 Hamilton Blvd, Allentown and they reported that a person was thus in the store and sold them a 43" TCL TV and an Apple Macbook pro computer for $70.00. The affiant went to the pawn shop and was able to determ through the serial numbers that the items at the pawnshop were the homeowner's items. The pawnshop advised the affiant that they got a copy of the driver's license of the person who sold them the items. The driver's license was that of the defendant. The affiant found looking at the victim's computer, that the defendant did a facto reset of the laptop computer and put himself in as the only contact.

Ⓒ The affiant learned that the defendant was a suspect in a day time burglary that had occurred in the borough of Emmaus on 12/28/2018 where a door window was broken to gain entry. The affiant also found that the defendant owns and operates a black Dodge Journey which looks the same as a black Dodge Caliber that was seen in the victim's

driveway at the time of the burglary.

(D) The affiant found that the defendant was arrested by the Whitehall Twp police department for a daytime burglary that had occurred at that location on 2/4/19. The affiant contacted Det. Mazzitelli of the Whitehall Twp police department. He informed the affiant that he had seized the defendant's phones. He found that the defendant would commonly use his phone and take pictures of the items that he stolen and research the value of his stolen items. Mazzitelli stated that the defendant did that involving the items he had stolen from Whitehall Twp. Mazzitelli also informed the affiant that the defendant was seen in his black Dodge Journey at the burglary scene.

(E) Malicious prosecution, false arrest and false imprisonment under state tort is alleged against all defendants.

(F) The homeowner advised the affiant that the front door damage that was done by the defendant breaking into the home was totaled $600.

(3) The initiation of the criminal charges, subsequent arrest caused plaintiff to have to be housed in Northampton court with four people in a cell, which caused plaintiff high anxiety due to COVID-19 possible exposure and living under deplorable conditions. Plaintiff suffered both physical and mental health wise, due to being in that prison due to those charges. In addition, the arrest and charges was used as factors the parole board used to considered my parole violation.

(4) In paragraph (B) supra defendant Hammer omitted that the pawn shop gave him a piece of paper with my license, phone # and not a receipt that plaintiff sold them those or any items.

(5) In paragraph (B) defendant Hammer misstated the facts surrounding contacting the pawn shop and being told plaintiff sold the items to them. Defendant Hammer contacted the pawn shop early in the morning about being on the look out for the stolen items. Buy, Sell and Trade, a pawn shop up the block from Allentown's main police station, received the stolen property later in the day, after 3 pm, knowing it was stolen then called defendant Hammer that they had the items and he came the next day and retrieved the items.

6. In paragraph 5 supra Defendant Hammer claimed that plaintiff reset the computer and put plaintiff's name and contact information in the computer without any proof to back that statement with.

7. In paragraph 6 supra Defendant Hammer falsely stated that I own the same type car that was seen at the burglary scene and that I was a suspect in a day time burglary in Emmaus. Yet, he knew that I was charged 6 days before he charged me in Emmaus not with burglary, but receiving stolen property on 7/23/19 and the charges was dismissed 9/4/19. Further, I own to a Dodge Journey and not a Calibar as the witness Joshua Moretz claim to have seen.

8. In paragraph 7 supra, Defendants Hammer and Mazzitelli conspired to create a false fact that I was seen in my black Dodge Journey at the Whitehall Twp crime scene when this was false, as nobody ever reported that.

9. In paragraph 7 supra Defendants Hammer and Mazzitelli conspired to create a false story that I would commonly use my phone to take pictures of items that I would steal and research the value of them and that I did this in the crime in Whitehall. Both knew this to be false as I have never been convicted before or since for any such thing in any place. And nor was it ever proven or alleged that I stole any of the items that was seen on my phone by Defendants or anybody.

10. At the preliminary hearing on 9/11/19 in front of Magisterial District Judge Vivian Zumas NT p 9 28, when asked was I seen at the burglary in Whitehall, Despite writing in the complaint to charge plaintiff that I was, the Defendant Hammer denied it.

11. In paragraph 7 supra, both Defendants Hammer & Mazzitelli conspired to support false charges by alleging I was seen in the Whitehall Twp case on the scene with my SUV, to make it seem that the same thing happen in Northampton, knowing it was false in both cases, just to try to support Joshua Moretz statement that he seen a same color vehicle as mine.

12. In paragraph 8 supra both Defendants Hammer and Mazzitelli seen the phone extraction report, yet both claimed there was both a tv and laptop photo that came from the case Hammer was investigating knowing no such pictures existed.

⑬ On 11/9/20 at the habeas corpus hearing in Northampton, in front of Judge Roscioli, when Defendant Hammer tried to lie that the photos came from the plaintiff's phone, the Assistant District Attorney corrected him making it clear that isn't were the photos of the tv and the computer came from.

⑭ On 11/9/20 at the habeas corpus hearing cited in #13 supra, when confronted by plaintiff's attorney about how the phone extraction showed that plaintiff was researching Mac products as early as 12:22 and as late as 1:56 on 1/9/19, way before 2:00pm when Joshua Moretz seen a black SUV type car, he still denied the inconsistencies in his story, as shown in paragraph ⑤ supra. A report he made clear he seen before he charged plaintiff on 8/28/19, but still charged him and added that lie on the 7/29/19 complaint paragraph ⑤ in his 9/11/19 preliminary hearing testimony and the habeas corpus hearing on 11/9/20, knowing it was false.

⑮ On 12/3/20 the Hon. Roscioli granted the habeas corpus and dismissed 4 of the 5 charges and the Assistant DA dismissed the remaining charge on 12/9/20.

⑯ B, C, D and E of the probable cause affidavit was material to the probable cause affidavit and without no probable cause would have exist. Due to the false and fabricated evidence as shown at #4 thur 14, which was wilfully, intentionally and maliciously done by Defendant Hammer, with the help of Defendants Mazzitelli and Kathrine Kurwas, it was done in bad faith.

⑰ #4 thur 14 shows facts omitted willingness to affirmatively distort truth, fabricate evidence and a conspiracy to do so between Defendants Hammer and Mazzitelli and as such, plaintiff was falsely arrested and falsely imprisoned for those charges. Due to plaintiff, a black african latino, ex-offender, who had photos in his phone of him being at anti-police brutality events to prevent plaintiff and others seeking the equal protection of the laws and from enjoying the equal rights, privileges and immunities of citizens under the laws of the U.S. and the State of PA, including but not limited

to my rights of freedom of speech, association and assembly; my right to petition the government for redress of my grievances; my rights to be secure in my persons and home; and my rights not to be deprived of life and liberty other than by due process of law.

(18) #4 thru 14 shows facts ommitted willingness to affirmatively distort truth, fabricate evidence and a conspiracy to do so between Defendants Hammer and Mazzitelli, thus acting maliciously for a purpose other than to bring plaintiff to justice and depriving plaintiff his liberty as a result of that. Due to plaintiff, a black african latino, ex-offender, who had photos in his phone of him being at anti-police brutality events to prevent plaintiff and others seeking the equal protection of the laws and from enjoying the equal rights, privileges and immunities of citizens under the laws of the U.S. and the state of PA, including but not limited to my rights of freedom of speech, association and assembly; my right to petition the government for redress of my grievances; my rights to be secure in my persons and home; and my rights not to be deprived of life and liberty other than by due process of law.

(19) Defendant Hammer is a Colonial Regional Police Department Detective, and Mark Mazzitelli is a Whitehall Township Police Detective, employees of their respective municipalities. Each municipalities are being sued for their failure to supervise, train, or discipline and said failure amounts to the actions of the two Detectives that caused plaintiff's injuries.

(20) Both Defendants Hammer and Mazzitelli were not properly trained or supervised to investigate, fact check and submit truthful facts to the District

- both Defendants, the two police department detectives Hammer and Mazzitelli submitted false and inaccurate information to the District Attorney's office which resulted in the prosecution of the plaintiff for 16 months. Said information was relied on by Ms Kurnas, the Northampton County Assistant District Attorney and lead to my injury.

(25) Assistant D.A. Kurnas quoted Defendant Hammer on pg 2 of her brief opposing plaintiff's habeas corpus stating that a neighbor heard glass break, looked outside and saw a black SUV. Yet discovery showed before that 11/9/20 hearing that it was not one witness, but two. One heard glass break in the morning, but never looked out the window and in the afternoon, the other witness heard a car door slam and looked out and saw a black car only.

(26) Assistant DA Kurnas also stated in her brief on pg 3, using Defendants Hammer's information that image 908 and 922 of the cellphone extraction matched the TV and laptop stolen in Defendant's Hammer case. This was false.

(27) The biggest lie Ms Kurnas used on pg 3 of her brief was to quote Defendant Hammer and cite that the web searches done on the Mac products allegedly stolen by plaintiff was time stamped and shows photos and research after 2pm. Yet, on the face of the very documents that was presented showed no such photo time stamp at the 11/9/20 hearing and clearly showed the time search at 12:22pm and ending at 1:56.08 and not after 2pm as alleged.

Attornies' office by their respective municipalities.

21) Defendants Colonial regional police Department and Whitehall township police Department knew or should have knew that the lack of training or supervision would permit their officers to submit cases to the District Attorney's office in violation of citizens constitutional rights.

22) Defendants Colonial regional police Department and Whitehall township police Department have failed to put in place and allow it to be public knowledge a proceedure which would allow citizens of each area they cover to report the violation of constitutional rights and the defendants review and discipline said violations. As this training would or could have forced both detectives and others to not file charges that are not warranted. But neither Defendants has said policy in place.

23) Whitehall township police is in Lehigh county and colonial regional police Department which is in Northampton county have a long history of working together on criminal investigations and because of this the two municipalities knew information would come from each other to help in criminal investigations and thus to prosecute them. Yet, each failed to create policies to guide their detectives and other police personnel to properly ensure all information isn't obtained in violation of a citizens rights and to be factual. Said lack of policy caused my injury.

24) As a result of the lack of policies in place by

28) Defendant Northampton County oversees the District Attorney's office and knows that as far back as 1976 that District Attornies have Absolute Immunity for Decisions to initiate prosecutions and presenting a state's case to the court. As a result of that knowledge Defendant Northampton knew that people like Assistant District Attorney Kurnas would be faced with situations where they could present false and unreliable information and be absolutely immune from punishment.

29) The possibility that a repeat offender was charged with a crime and the charges in large part are as a result of false and fabricated evidence involves a difficult choice of prosecuting based on that or releasing the defendant and they go out and commit another crime.

30) Because prosecutors are absolutely immune for their actions they are able to prosecute cases even if the defendants are held for a short time, their constitutional rights violated and because most don't or can't make bail constitutional rights can be violated regardless of ultimate outcome, as was the case with the plaintiff.

31) The failure of Northampton County policy makers to have policies in place that would provide checks and balances of the District Attorney's office allowed the District Attorney's office to prosecute plaintiff based on false and fabricated evidence in violation of plaintiff's constitutional rights. which opens or has open the door to not only do so to plaintiff but others as well. All of which was known

or should have been known to be obvious to the policy makers of Northampton County.

## Legal claims

(A) Plaintiff reallege and incorporate by reference paragraph 1-28.

(B) The fabrication of evidence by the Defendants is a 14th amend violation of the U.S. Const. and a stand alone claim against all Defendants.

(C) The concealing and misrepresent of material facts is a 4th Amendment malicious prosecution action against Defendants Hammer.

(D) The conspiracy to deprive plaintiff of his constitutional rights under the 14th and 4th amendments of the U.S. Constitution by all Defendants is alleged.

(E) Defendants Northampton, Colonial regional police Department and Whitehall township police Department have failed to supervise, train and discipline and that said failure amounts to Deliberate indifference to the constitutional rights of the plaintiff.

(F) (A) thur (D) supra constitute false arrest, false imprisonment & under federal and state tort as is applicable against all Defendants

## Prayer for relief

(A) A Declaration that the acts described herein violated plaintiffs rights under the constitution & laws of the U.S. constitutions

(B) Compensatory damages in the amount of $200,000 against each Defendant severally

(C) Punitive damages in the amount of $300,000 against each Defendant severally.

(D) Any additional relief this court Deems just, proper and equitable including lawyers fees and cost of bringing suit.

(E) A jury trial on all issues triable by jury

## Declaration and signature

I declare under penalty of perjury that the foregoing is true & correct.

6/6/21

Anthony M. L. Williams LM-6331

Smart Communications/PADOC

SCI- Somerset
Name Anthony Williams
Number LM-6331

PO Box 33028

St Petersburg FL 33733

PA Dept of Corrections
INMATE MAIL

Clerk of courts
United states District court
601 Market Street
Philo., Penn 19106